UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
WAVEFORM TELEMEDIA, INC.,

              PLAINTIFF,

    -against-

PANORAMA WEATHER NORTH AMERICA, INC,
SITOUR, NORTH AMERICA d/b/a SITOUR USA,
and RECREATION RESORT NETWORK, INC,

              DEFENDANTS.
-----------------------------------------------------------------X

COMPLAINT

'07 CIV 10669

JUDGE KARAS

    COMES NOW, Plaintiff, WAVEFORM TELEMEDIA, INC, by its undersigned attorneys, and respectfully requests that this Court issue declaratory judgment stating as follows:

    1.    This is a civil action whereby Plaintiff seeks declaratory judgment that a United States District Court, Southern District of New York judgment in Civil Action Number 06 Civ. 5270 in favor of Plaintiff is collectable against Defendants Recreation Resort Network, Inc. and Sitour North America, Inc. d/b/a Sitour USA jointly and severally.

              I.    **Jurisdiction and Venue**

    2.    This Court has jurisdiction of this claim under, and by virtue of, 28 U.S.C. §§1331, 2201-02.

    3.    Venue is proper in this Court pursuant to 28 U.S.C. §1391.

    4.    An actual controversy exists in this case as Defendant Panorama Weather North America, Inc. has refused to satisfy Plaintiff's judgment against it.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

## II. PARTIES

5. WAVEFORM TELEMEDIA, INC ("WFT") was and is a Colorado Corporation, with its principle place of business in Aspen, Colorado.

6. PANORAMA WEATHER NORTH AMERICA, INC. ("PWNA") is a dissolved Canadian Corporation with its principle place of business in Quebec City, Quebec, Canada.

7. SITOUR, NORTH AMERICA d/b/a SITOUR USA, ("SITOUR") was and is a New York Corporation with its principle place of business in Kingston, New York.

8. RECREATION RESORT NETWORKS, INC. ("RRN") was and is a Delaware Corporation with its principle place of business in Kingston, New York.

## III. STATEMENT OF FACTS

9. PWNA is a d/b/a of RRN.

10. The fact that PWNA is a d/b/a of RRN was expressly stated and admitted by PWNA, RRN and SITOUR by these entities' collective counsel of record in judicial proceedings before the United States District Court, District of Colorado in Civil Action Number 2001 Civ. 714.

11. RRN is the alter-ego of SITOUR.

12. The fact that RRN's the alter-ego of SITOUR was decided by prior determination of binding arbitration conducted in November 2005 in Westchester County, New York before the Honorable (Ret.) Judge John M. Perone, Retired Westchester Supreme Court Justice.

13. The arbitration award setting forth this finding of fact and conclusion of law was issued on March 28, 2006.

14. The determination of Hon. John M. Perone (Ret.) was confirmed and a judgment was then issued by this court.

15. WFT holds a final and binding judgment ("SDNY Judgment") of the United States District Court, Southern District of New York dated March 22, 2007 in civil action Number 06 Civ. 5270 in its favor and against PWNA is the amount of $352,818.00 accruing interest at 9% from March 22, 2007.

16. This judgment was the result of a United States District Court confirmation proceeding that resulted in the confirmation of the arbitration award to WFT and against PWNA.

17. PWNA has refused to satisfy the judgment against it.

18. The only response to WFT's efforts to collect on said judgment was a response from SITOUR and RRN's joint counsel.

19. WFT brings this action pursuant to F.R.C.P. Rule 57 and 28 U.S.C. 2201 for declaratory judgment that the SDNY Judgment is enforceable against Defendants RRN and SITOUR as Defendant PWNA is an entity that should be disregarded as it is merely the alter-ego of both RRN and SITOUR as set forth in the prior rulings and by prior admissions.

## IV.   Prayer for Relief

WHEREFORE, WFT hereby prays:

That this Court render a Declaratory Judgment declaring that the SDNY Judgment WFT holds against PWNA is enforceable against RRN and SITOUR, jointly and severally, and that this Court grant such other and further relief as this Court deems equitable and just under the circumstances.

Dated, November 28, 2007
Tarrytown, New York

Respectfully Submitted:

Allen, Wertz & Feldman, LLP

Huff Wilkes, LLP

_____
John J. Loveless, Esq. (JJL 8715)
Alan Feldman, Esq.
Attorneys for Plaintiff
200 White Plains Road
Tarrytown, New York 10591
(914) 631-1500