SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
-------------------------------------------------------------------------X
WAVEFORM TELEMEDIA, INC.,

               Plaintiff

    v.

PANORAMA WEATHER NORTH AMERICA, INC.,
SITOUR NORTH AMERICA d/b/a SITOUR USA,
and RECREATION RESORT NETWORK, INC.,

               Defendants,

               Defendants.
-------------------------------------------------------------------------X

ANSWER and
COUNTER-CLAIM

**Case No.:  07 CV. 10669**

Hon. Kenneth M. Karas

The defendants, Sitour North America East Inc., sued herein as SITOUR NORTH AMERICA d/b/a SITOUR USA ("SITOUR") and Recreation Resort Network, Inc.("RRN"), by their attorneys, Rusk, Wadlin, Heppner & Martuscello, LLP, hereby answers the complaint as follows, upon information and belief:

1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 3, 4, 5, 6, and, 15, 16, 17 and 19.

2.     Deny the allegations contained in paragraph 7, except admit that SITOUR is a New York Corporation with its principle place of business in Kingston, New York.

3.     Deny the allegations contained in paragraph 2, 9,10, 11.

4.     Deny the allegations contained in paragraph 18, except admit that counsel for SITOUR and RRN sent correspondence to counsel for plaintiff. Attached hereto as Exhibit "A" is a true copy of the correspondence from counsel for SITOUR and RRN.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

5.     The complaint fails to state a cause of action upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

6.    The facts being alleged in plaintiff's complaint were already fully litigated and the subject of arbitration and award and not subject to relitigation.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

7.    The defendant's SITOUR and RRN, have already settled their action, United States District Court, Southern District of New York, 06 CV. 5271 with plaintiff, and issued payment to plaintiff in the amount of $350,000.00, and obtained a general release from plaintiff, and Stipulation and Order Discontinuing Action with prejudice, which was filed with the Southern District Court. Said General Release and Stipulation Discontinuing action are annexed hereto as Exhibit "B".

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

8.    All of plaintiff's claims were adjudicated in the underlying arbitration in November 2005 before Hon. John Perone.  Any allegation by plaintiff that SITOUR is the alter-ego of PANORAMA was waived. Attached hereto as Exhibit "C(a)" is a true copy of the March 28, 2006 Decision of Hon. John Perone. Attached hereto as Exhibit "C" is a true copy of the May 11, 2006, Amended Decision of Hon. John Perone.  Attached hereto as Exhibit "D" is a true copy of the February 5, 2007, Report and Recommendation of Hon. Mark Fox, S.D.N.Y. Magistrate Judge.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

9.    Plaintiff's claims are barred by the doctrine of Res Judicata.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

10.    Plaintiff is seeking relief not authorized by the Federal Declaratory Judgment Act.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

11.    This Court lacks Subject Matter Jurisdiction over Defendants SITOUR and RRN under 28 USC 1332(a), as defendants have previously settled with plaintiff and obtained a general release from plaintiff.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

12.     Per the attached decision of Hon. John Perone, the arbitrator held defendants jointly and severally liable for the judgment and award.  As defendants SITOUR and RRN have already paid the majority of this judgment, plaintiff's have no claim against defendants SITOUR and RRN for any remaining unpaid portion of the judgment against defendant PANORAMA.

## AS AND FOR A FIRST COUNTER CLAIM:

13.     Plaintiff's have filed a frivolous and merit less suit against defendants, in light of the settlement, payment and release as aforementioned.  Plaintiffs conduct in filing this action should be sanctioned by the Court pursuant to FRCP 11(b).  Plaintiff's actions in filing an additional suit against defendants, after defendants had settled with, issued payment to, and obtained a release from plaintiff, has caused unwarranted interference with defendant SITOURS business operations.  Defendant's request the Court hold plaintiff and plaintiff's counsel responsible for defendants legal fees and costs in defending this frivolous suit.  Defendant's also requests the Court fine the plaintiff a monetary sum sufficient to deter such conduct from occurring in the future.  Defendant's also request the Court issue an order barring plaintiff from filing any additional and/or further litigation, or claims, based upon this matter, without prior authorization and permission of the Court, so the defendant's may finally have finality regarding this matter.

WHEREFORE, the defendants, SITOUR and RRN demand a judgment dismissing the complaint on the merits, together with costs and disbursments of this action, and defendants further request that the Court issue sanctions under FRCP Rule 11(b), for this frivolous litigation, and such other and further relief as to the Court may seem just and proper.

Dated:      Kingston, New York
            January 7, 2008

_____
DANA D. BLACKMON, ESQ. (DB3226)
RUSK, WADLIN, HEPPNER & MARTUSCELLO, LLP
Attorneys for Defendants, Sitour North America East Inc., sued

herein as SITOUR NORTH AMERICA d/b/a SITOUR USA and
Recreation Resort Network, Inc.
Office and P.O. Box Address
255 Fair Street, P.O. Box 3356
Kingston, New York  12402
(845) 331-4100


To:    Allen, Wertz & Feldman, LLP

Huff Wilkes, LLP
John J. Loveless, Esq.
Attorneys for Plaintiff
200 White Plains Road
Tarrytown, New York 10591
(914) 631-1500

# RUSK WADLIN HEPPNER & MARTUSCELLO LLP

George Rusk, Jr.
John J. Wadlin*
Daniel G. Heppner
Daniel M. Martuscello
John G. Rusk
Daniel J. Rusk
Pamela D. Rusk

*Please use P.O. Box for mail.*

255 Fair Street
P.O. Box 3356
Kingston, New York 12402
*Of Counsel*

*Attorneys at Law*

Christine H. Guido
Jason J. Kovacs
Dana D. Blackmon

845-331-4100
Fax 845-331-6930

October 1, 2007


Guy P. Martel, Esq.
Stikeman Elliott, LLP
1155 René-Lévesque Blvd. West,
40th Floor
Montréal, Quebec H3B 3V2

Re:    Collection of Judgment in favor of Waveform

Dear Mr. Martel:

Please be advised that this office represents Sitour North America East, Inc., sued as Sitour North America d/b/a Sitour USA, hereinafter referred to as "SITOUR", Recreation Resort Network, Inc., hereinafter referred to as "RRN" and Monte Rios and Tate Lacy.  We are in receipt of your letter dated September 26, 2007, to Dr. Andreas Rauch, regarding the above matter.  Enclosed herein please find a copy of the Stipulation & Order Discontinuing Action regarding the US Southern District Court action between our clients and Waveform Telemedia.  Also enclosed, please find a copy of the General Release executed by the parties in that action.

As you can see, in consideration of the payment of $350,000.00, Waveform expressly released our clients SITOUR, RRN, Monte Rios and Tate Lacy, as well as Mike Conway, from any and all actions or claims relating to the arbitration dealings between the parties.  The action was discontinued with prejudice.

Your attempts to posture for a piercing the veil argument against SITOUR and/or RRN in an attempt to collect any judgment obtained against Panorama Weather North America is untenable.  The claims against Panorama, SITOUR and RRN were all resolved at the arbitration, resulting in a arbitration award of $424,818.00 against all parties, jointly and severally.  This award was subsequently reduced by an amended decision of the arbitrator.  A copy of these decisions are enclosed.  Please refer to the May 11, 2006 decision, wherein the arbitrator indicates "the total Judgment in favor of the Claimant, Waveform Telemedia, and against the Respondents,[ RRN, Sitour and Panorama], in the amount of the original Decision of the Arbitrator is hereby amended to be an award of $352.818."

The arbitrator saw fit to "pierce the veil" of SITOUR, holding SITOUR responsible for the claims against RRN.  However, there was never any argument or contention at the arbitration regarding SITOUR, RRN or any other entity being the alter-ego of Panorama.  If your client wished that issue to be addressed, it should have raised and litigated that issue at the arbitration hearing.

Additionally, please note that your attempt to collect a separate judgment against Panorama in the

January 4, 2008
Page 2

amount of $352,818.00 is flawed, notwithstanding your clients attempts to portray this as two separate actions and two separate judgments.  As you can see, the Arbitrator held SITOUR, RRN and Panorama jointly and severally responsible for the judgment.  It was for this reason a judgment was entered against Paonrama for the exact amount awarded against SITOUR and RRN, as Panorama did not appear at the arbitration.

The Southern District Court issued a judgment against Panorama in the sum of $352,818.  However, $350,000 of this judgment has already been paid by SITOUR, leaving at most $2,818,00 unsatisfied from the judgment.  If you desire to pursue what we believe to be a insolvent corporation to recover this unsatisfied portion of the judgment, that is your prerogative.

Please be advised that if you file suit against SITOUR, RRN, Monte Rios, or Tate Lacy in an attempt to collect on any portion of the judgment you contend is unpaid, we will be seeking costs, disbursements and legal fees as well as sanctions for any frivolous claims and frivolous conduct.

Very truly yours,

RUSK, WADLIN, HEPPNER & MARTUSCELLO, LLP


DANA D. BLACKMON, ESQ.
e-mail - DBlackmon@RWHM.com

Enc.

cc:     Mr. Monte Rios
        Peter Graham, Esq.
        Alan Feldman, Esq.
        Peter Thomas, Esq.

EXHIBIT "B"

## WAVEFORM TELEMEDIA, INC., RELEASOR

in consideration of the sum of THREE HUNDRED AND FIFTY THOUSAND AND 00/100 ($350,000.00) DOLLARS received from

### SITOUR NORTH AMERICA EAST, INC. sued herein as SITOUR NORTH AMERICA d/b/a SITOUR USA, and RRN, Inc. sued herein as RECREATION RESORT NETWORK, INC., *MONTE RIOS, TATE LACY and MIKE CONWAY* ("RELEASEES"),

receipt whereof is hereby acknowledged, releases and discharges

SITOUR NORTH AMERICA EAST, INC., sued herein as SITOUR NORTH AMERICA d/b/a SITOUR USA, RRN, Inc. sued herein as RECREATION RESORT NETWORK, INC., MONTE RIOS, TATE LACY and MIKE CONWAY

**RELEASEE'S** and their heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law, admiralty or equity, which against the RELEASEES the RELEASOR, RELEASOR'S heirs, executors, administrators, successors and assigns ever had, now have or hereafter can, shall or may have whatsoever from the beginning of the world to the day of the date of this RELEASE solely at issue in that certain arbitration confirmation proceeding pending before the United States Federal Court, Southern District, State of New York entitled *Waveform Telemedia, Inc. versus Sitour, North America d/b/a Sitour USA, and Recreation Resort Network, Inc.* and bearing Number 06 CIV. 5271.

This RELEASE may not be changed orally.

*In Witness Whereof*, the RELEASOR has hereunto set RELEASOR'S hand and seal on the ⁵ᵗʰ day of February, 2007.

*In presence of*

WAVEFORM TELEMEDIA, INC.

BY:    Sequoia Sun, President

STATE OF CALIFORNIA     )
                        ) ss.:
COUNTY OF MARIN         )

On the 5ʰⁿ day of February in the year 2007, before me the undersigned, a Notary Public in and for said State, personally appeared Sequoia Sun, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

MARIANA ELYSE WALSH
Commission # 1723264
Notary Public - California
Marin County
My Comm. Expires Feb 3, 2011

Notary Public

*McMahon, J*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

WAVEFORM TELEMEDIA, INC,

                       Petitioner,

    -against-

SITOUR NORTH AMERICA d/b/a SITOUR USA,
and RECREATION RESORT NETWORK, INC.,

                       Respondent.
-------------------------------------------------------------------X

& ORDER

STIPULATION DISCONTINUING
ACTION

Case No. 06- CIV. 5271  ( *CM* )

    IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, the attorneys of

record for all the parties to the above-entitled action, that whereas no party hereto is an infant, incompetent

person for whom a committee has appointed or conservatee, and no person not a party has an interest in the

subject matter of the action, the above-entitled action be, and the same hereby is, discontinued, with prejudice,

without costs to either party as against the other. This stipulation may be filed without further notice with the

Clerk of the Court.

Dated: February 12, 2007

_____
ALAN FELDMAN, ESQ.
Allen, Wertz & Feldman, LLP
Attorneys for Petitioner
215 Monarch Street, Suite 303
Aspen, CO 81611

_____ 2/21/07
DANIEL G. HEPPNER, ESQ.
Rusk, Wadlin, Heppner & Martuscello, LLP
Attorneys for Respondent
255 Fair Street, P.O. Box 3356
Kingston, NY 12402

So  ORDERED.

_____
U. S D. J.

dated:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

RUSK, WADLIN, HEPPNER & MARTUSCELLO LLP-ATTORNEYS AT LAW-255 FAIR ST. P.O. BOX 3356, KINGSTON, N.Y. 12402

NATIONAL ARBITRATION AND MEDIATION

-----------------------------------------------------x

WAVEFORM TELEMEDIA, INC., d/b/a
Mountain Life Network ATV Channel 8
Aspen Televison

*Claimant*

v.

RECREATION RESORT NETWORK, INC.
SUTOUR USA, SITOUR NORTH AMERICA,
PANORAMA WEATHER NORTH AMERICA,
MONTE RIOS, TATE LACY, AND MIKE
CONWAY, individually and/or d/b/a KMTN-TV.

*Respondents*

**DECISION**

NAM ID: 1000107062

-----------------------------------------------------x

By Hon. John M. Perone
Retired Justice, Supreme Court, Westchester County
State of New York and NAM Arbitrator

## PRELIMINARY COMMENTS

The issue before me is whether or not **Recreation Resort Network, Inc., RRN,**

hereinafter called the **Respondent, RNN,** breached the two (2) Contracts entered into with

**Waveform Telemedia, Inc.,** hereinafter called the **Petitioner,** and if the said Contracts were

breached what if any damages flowed therefrom, and what, if any, liability does the parent

corporation, **Sitour North America, Inc. d/b/a/ SitourUSA,** and the **Respondents, Monte Rios,**

Tate Lacy and Mike Conway, bear in the aforementioned breach.

After more than five years of acrimony, Federal Court action, arbitration petition, and

then a full five-day arbitration hearing, this matter comes before me for a decision. In order to

reach a fair and just decision, it became necessary to read and re-read the testimony submitted;

1

weigh that testimony with all the known disputed and undisputed facts and exhibits presented to me. This decision necessitated an evaluation of the above with a global prospective as to the intent of the parties when they entered into the two Contracts and what a fair interpretation of the two contracts revealed.

As arbitrator in this matter, I have decided in my decision not to make a finding of fact as to all the nuances and steps taken by each of the parties. Rather, I have decided in my decision to make the basis of each finding clear and unequivocal.

## FINDINGS

The key to this case is a review and analysis of the four corners of each of the two contracts entered into by the parties, specifically, the first agreement known as **"Agreement,"** which deals with Aspen, Colorado dated August 11, 1999, and the second contract "Agreement **Vail"** also signed August 11, 1999, which deals with Vail, Colorado.  I evaluated the two contracts, together with all of the evidence submitted, I also looked at what the contemplation, understanding, expectation, reliance and performance of each of the parties was in their respective roles in the contracts,  in order to make a determination in this matter.

A fair and just reading of both contracts, clearly establishes an obligation by the **Respondent, RRN,** to provide the **Petitioner** with programs to be broadcasted.  As the first paragraph of both contracts state;

"1.  Waveform Telemedia (WFT) agrees to broadcast programs provided by Recreation **Resort Network (RRN),** established as an international, national and regional program content provider targeted towards **WFT's** audience.  **RRN** shall provide these programs (hereinafter called **"RRN/Programs")** free of charge to **WFT** and **WFT** shall broadcast **RRN/Programs** as mutually agreed."

2

Based upon all the testimony, evidence, and an evaluation of what both parties should reasonably have expected from the contracts, it is the finding of this arbitrator, as to the following:

1. I find that it was reasonable for the **Petitioner** to have expected program content to be provided by the **Respondent, RRN,** to be televised over both the Aspen and Vail T.V. stations. It is reasonable that the **Petitioner** would have expected that the program content would have been international, national and regional program content.

2. I find that the **Respondent, RRN,** did not provide the aforementioned program content to the **Petitioner** and, therefore, there was a material breach of both contracts by the Respondent, RRN..

3. I find that an evaluation of the testimony, physical evidence provided, including video replays, establishes that the **Petitioner** breached the two contacts in that they did not fairly and accurately comply with the contract requirements to show the logo, **RRN,** in the minimum required amount of placements in the TV airings. Further it is clear from the testimony, that the Petitioner did not air all of the required insertions of ads. I also find that the **Petitioner** also did not timely report the use of the logo **RRN** as required. I find that the **Petitioner** used a new logo, **"Mountain Live Network,"** without prior notice and approval, by the **Respondent, RRN.** I find that the above breaches by the **Petitioner** were not material breaches, and further the **Respondent, RRN,** did not establish proof of damages as to these non-material breaches by the Petitioner.

4. I further find, while there is language in the contract concerning a five-year relationship between the above two parties, that the Contracts deals primarily with a two-year

commitment by both sides as to specific performance that is expected by the parties of each
other, including the definite amounts of payments to be made. The extension for three additional
years of the Contracts was to be subject to "additional and further negotiation" to determine the
future financial relationship. Thus, I find that the obligation between the parties centers around a
two-year commitment. Therefore, the aforementioned breach of the two contracts by the
**Respondent, RRN**, shall be evaluated for damage: purposes under the obligations each of the
parties had to each other for the first two-year period.

5. I find that the Vail TV station ceased its operation in June of 2000, and while
**Respondent, RRN**, claims the failure to continue broadcasting was a material breach to be found
in favor of the **Respondents**, I find that because of the lack of programing that was to be
provided by the **Respondent, RRN**, that the material breach by the **Respondent, RRN**, was a
direct cause and effect for the failure of the Vail station to continue operation.

6. I further find that the **Petitioner** failed to aggressively attempt to fill the void of the
lack of programing and the shortcomings of insertions with local advertisement for both Aspen
and Vail. The failure of the **Petitioner** to attempt to add income to both markets is a fact that
will be taken into consideration in mitigation as to assessing the total damages against the
Respondent, RRN.

7. I further find that the **Petitioner**, while indicating that they were aiming to open a Vail
TV station, would not have done so, but for the contractual relationship and commitments that
were to flow to them by the **Respondent, RRN**, specifically, program content and minimum of
advertising insertions. Based on said finding, damages shall be awarded to the **Petitioner** on
certain parts of their costs to open up the Vail station, mitigated, however, by the lack of the

4

Petitioner attempting to get at least a minimum amount of Vail advertisement.

8. I further find that some additional expenses were incurred by the Aspen TV station operation due to the contract with the **Respondent, RNN,** and thus will be considered in any damage award granted to the **Petitioner.** I find that there were other expenses that were already incurred by the **Petitioner** or were expected to be incurred irrespective of the two contracts in question..

## DAMAGES

9.    The requirement of the contracts that certain payments were to be made by the **Respondent, RRN,** to the **Petitioner** were complied with, at least as to the first year. Since I have found a material breach of this contract by the **Respondent, RRN,** for the two-year period, I therefore, award to the **Petitioner** the full amount due for the second year of the Contract, that was not paid specifically,

| | |
|---|---|
| (Aspen Contract) | $67,200 |
| (Vail Contract) | **$80,000** |
| Total contractual amount awarded to the Petitioner | **$147,200** |

10.    I further award interest to the **Petitioner** as a result of the material breach of the Contract which lead to the non-payment of the second year under each of the two contracts, thus awarding the following to the **Petitioner.**

| | |
|---|---|
| Interest on Aspen Contract at 9.0%, per year, times five years | $30,240 |
| Interest on the Vail Contract at 9.0%, per year, times five years | $36,000 |
| Total  Interest | $66,240 |

11.    I find, because of the failure of the **Petitioner** to make any attempt to mitigate the

damages in attempting to get filler advertisement on the two stations that as a result thereof, no

punitive damages, nor anticipated profit damages, nor attorney fees and costs shall be assessed

against the **Respondents**.

I further find, that since there was a material breach of the two contracts by the

**Respondent, RRN,** and since I have found that the Vail station would not have been opened up

by the **Petitioner** at the time it was, and that the Aspen station would not have incurred certain

additional expenses outside of its normal expenses, but for the contract with the **Respondent,**

**RRN.** I award damages for the expenses paid, as testified to by the **Petitioner,** above and

beyond what would have been their expenses without the contract being executed. I find that the

damages to be assessed against the **Respondent, RRN,** in favor of the **Petitioner** is the total

expense, as testified to, of $393,619 minus $212,481.00, which represented expenses that would

have been incurred independently by the **Petitioner** in any event. Thus, the damages to be

assessed against the **Respondent, RRN,** in favor of the **Petitioner** is in the amount of **$181,138.**


Therefore, the total judgment in favor of the **Petitioner, Waveform Telemedia, Inc.**,

against the **Respondent, Recreation Resort Network, Inc.,** is in the amount of **$424,818.00**

## "DECISION AS TO PETITIONER'S MOTION
## TO PIERCING THE CORPORATE VAIL"

After a careful evaluation of all the evidence in this arbitration and a re-reading of all of

the transcripts of the hearings held, it is clear to this arbitrator that **Respondent, RRN,** was

created as a shell corporation by the **Respondent, Sitour USA.** The purpose of **RRN** being

created as a shell corporation was to further enhance the marketability of advertisement to

advertisers that **Sitour USA** and its corporate officers independently had and were selling

6

irrespective of **RRN's** incorporation.  As a result thereof;

I find that **Recreation Resort Network, Inc.** is an alter ego of **Sitour North America Inc. d/b/a Sitour USA** and that  **Recreation Resort Network Inc.'s** corporate vail is pierced providing for liability directly against Sitour North America, Inc. d/b/a Sitour USA.  I further find that the evidence demonstrates a complete control of **RRN's** actions by **Sitour USA** by and through **Sitour's USA** corporate officers and, as such, I direct that if there are insufficient funds to pay for the damages already assessed against **RRN**, as a **Respondent**, and awarded to the **Petitioner, Waveform,** then **Sitour USA** shall have a Judgment assessed against it for any and all amounts of the Judgment that **RRN** fails to or cannot pay.

I further find that there is no liability for any individual **Respondents, Monte Rios, Tate Lacy, and Mike Conway,** in this matter for I find that their actions were consistent with their obligation to the respective corporations, and while I have found a material breach of the Contract between the **Respondents, RRN,** and the **Petitioners,** I do not find sufficient evidence as to warrant their individual liability such as fraud.

Judgment awarded to **Waveform Telemedia Inc.** against **Recreation Resort Network, Inc.** and **Sitour North America, Inc., d/b/a Sitour USA** jointly and severally in the total amount of **$424,818.00.**

### DEFAULT JUDGMENT AGAINST PANORAMA WEATHER NORTH AMERICA. ("PWNA").

One of the **Respondents, Panorama Weather North America Inc** ("PWNA") failed to appear, although properly served with the necessary notices and the order of the Federal Court requiring arbitration.  As a result thereof, I found that **"PWNA"** is in default, because of their non-appearance before the arbitration proceedings.

As a result thereof, a Judgement against **"PWNA"** is awarded in the same amount as the

Judgment that has been awarded against **RNN** and Sitour USA in the amount to wit **$424,818.**

Per the aforementioned decision, Judgement is to be entered against **the Respondents,**

Recreation Resort Network, Inc, Sitour North America, Inc. d/b/a/ Sitour USA, and

**Panorama Weather North America,** in the amount of **$424,818.00** without costs or expenses.

Hon. John M. Perone
Retired Justice
Supreme Court, Westchester County
National Arbitration and Mediation Arbitrator

Dated: March 28, 2006
Larchmont, New York,

# EXHIBIT "6"

NATIONAL ARBITRATION AND MEDIATION
-----------------------------------------------------------------x
WAVEFORM TELEMEDIA, INC., d/b/a
Mountain Life Network ATV Channel 8
Aspen Television,

                Claimant

       V.

RECREATION RESORT NETWORK, INC.,
SITOUR USA, SITOUR NORTH AMERICA,
PANORAMA WEATHER NORTH AMERICA,
MONTE RIOS, TATE LACY AND MIKE
CONWAY, Individually and/or d/b/a KMTN-TV,

                Respondents.
-----------------------------------------------------------------x

**DECISION ON APPLICATION
FOR MODIFICATION AND
VACATING OF AWARD**

**NAM ID: 1000107062**

By: HON. JOHN M. PERONE
Retired Justice, Supreme Court, Westchester County
State of New York and NAM Arbitrator

## DECISION

The Respondents move by "Application For Modification and Vacating of Award". The Respondents allege, in their application, that the damages awarded to the Claimant by a Decision of the HONORABLE JOHN M. PERONE, Arbitrator, in his Decision dated March 28, 2006, were defective in two ways.

First, there is a mathematical mistake in the Arbitrator's Decision dated March 28, 2006, in the failure of the Arbitrator to add a second $72,000 salary to the amount the Arbitrator found as pre-existing expenses.

Second, that the Respondents in their application contend that the Arbitrator "disregarded the corporate form," in that the Arbitrator in his Decision held the Respondent, RECREATION RESORT NETWORK "was created as a shell corporation of SITOUR USA".

The Claimant submitted their response, in letter form, dated May 1, 2006. The contention of the Claimant is "in accordance with NAM Rule 14, reconsideration is only available if all parties consent. WAVEFORM TELEMEDIA, INC., does not agree to have the award considered by NAM". The Claimant stresses in their response their belief that "the Federal Arbitration Act prohibits vacating and/or modifying an arbitration award in a manner that substantially changes the outcome of the arbitration". Nowhere in the Claimant's response does the Claimant address any of the factual allegations contained in the Respondents' application other than their procedural objections.

I shall make my ruling on the Respondents' application and the Claimant's response thereto in reverse order of the relief requested by the Respondents' application.

The objection by the Claimant to any reconsideration or review of the arbitration award, except with regard to mathematical error, is timely made. Pursuant to the Rules of NAM, specifically Rule 14 which holds, "no application shall be made to NAM or the hearing officer, absent all parties consent, for reconsideration and review of an arbitration award, except with regard to mathematical errors." I must dismiss outright the Respondents' application for the second cause of relief specifically the Respondents' request that the Decision of the Arbitrator disregarding the corporate form be revisited, since the request to review is not on consent.

The first application of the Respondents, is that there were mathematical errors in the Arbitrator's Decision in that a second $72,000 salary was mathematically left out of the computation of the Arbitrator. The Respondents points out that a review of the testimony of the parties, a review of the questions and answers posed by the Arbitrator at the hearing concerning the two $72,000 salaries of Masters and Son and the basis on which the Arbitrator made his

2

determination as to the damages awarded to the Claimant, all point to the fact that the Arbitrator's Decision intended that the two $72,000 salaries were to be credited to the pre-existing expense column not one $72,000 salary.

This Arbitrator finds that the argument contained in the Respondents' application concerning mathematical mistakes is persuasive. This Arbitrator finds that there was indeed a $72,000 mathematical error in the final tabulation of the damages awarded to the Claimant. This Arbitrator further finds that a review of all of the testimony held at the hearing of the parties, a review of the questions posed by the Arbitrator and answers given by the parties concerning the two salaries as pre-existing expenses, and based upon the tenor of the Arbitrator's Decision in finding pre-existing expenses are to be credited against the Judgment obtained by the Claimant, justify a Decision in the Respondents' favor in that an added amount of $72,000 will be subtracted from the final Judgment issued by the Arbitrator against the Respondents.

The failure of the Claimant to factually respond to the application of the Respondent as to the mathematical error alleged, deprived this Arbitrator from any factual argument in opposition to the allegations of the Respondents in their application.

Therefore based on all of the testimony at the hearing, based upon the questions posed by the Arbitrator and the responses thereto concerning the two salaries, the Arbitrator finds that $72,000 must be subtracted from the award and Judgment that was granted in favor of the Claimant and against the Respondents. Further, the Arbitrator finds that this correction is based upon the finding that a mathematical error had occurred in the Arbitrator's first Decision and thus is within the authority of the Arbitrator to amend pursuant to Rule 14 of NAM.

In the Decision of the Arbitrator dated March 28, 2006, the Arbitrator found the pre-

3

existing expenses totaled $212,481. Thus, the pre-existing expenses are changed from $212,481 to $284,481.

Subtracting the corrected pre-existing expenses to wit $284,481 from the total amount found to be the additional expenses to wit, $393,619 equal a corrected amount of damages against the Respondents in the amount of $109,138 instead of $181,138.

THEREFORE, the total Judgment in favor of the Claimant, WAVEFORM TELEMEDIA, and against the Respondents, RECREATION RESORT NETWORK, INC., SITOUT NORTH AMERICA, INC., d/b/a SITOUR USA, and PANORAMA WEATHER NORTH AMERICA, in the amount of $424,818 in the original Decision of the Arbitrator is hereby amended to be an award of $352,818.

FURTHERMORE, no applications for reconsideration or review of this Arbitration Award shall be considered without consent of all parties unless based upon mathematical errors.

Dated: Larchmont, New York
       May 11, 2006


HONORABLE JOHN M. PERONE
Retired Justice
Supreme Court, Westchester County
National Arbitrator and Mediation Arbitrator


F:\JMP\NAM\Wave\Decision 5-10-06.wpd

4